RENDERED: NOVEMBER 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0956-MR

PROSPECT LAND                                                          APPELLANT
CONSERVATION, LLC

v.                      APPEAL FROM JEFFERSON CIRCUIT COURT
                        HONORABLE ERIC JOSEPH HANER, JUDGE
                               ACTION NO. 20-CI-006845

LOUISVILLE/JEFFERSON COUNTY
METRO PLANNING COMMISSION;
LDG LAND HOLDINGS, LLC; AND
LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT                                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: TAYLOR, K. THOMPSON, AND L. THOMPSON, JUDGES.

TAYLOR, JUDGE: Prospect Land Conservation, LLC (Prospect Land) brings this

appeal from a June 25, 2021, order of the Jefferson Circuit Court dismissing its

complaint. We affirm.

## BACKGROUND

In 1972, Wesley R. Logsdon owned 42.5539 acres of real property located in Prospect, Kentucky (Logsdon Tract). Logsdon sought to rezone the tract from R-4 single-family residential to R-6 multi-family residential. Logsdon filed an application with the Jefferson County Planning Commission (Planning Commission) to rezone the Logsdon Tract and to develop the Logsdon Tract with 652 units, including apartments and townhouses. The Planning Commission recommended that the application be denied because Logsdon refused to dedicate a sixty-foot right-of-way across the Logsdon Tract.

To secure the approval of the Jefferson County Fiscal Court, Logsdon executed a Deed of Restrictions as to the Logsdon Tract on June 12, 1972 (1972 Deed of Restrictions). Relevant herein, the population density of the Logsdon Tract was "limited to fourteen (14) dwelling units per acre" and "[a] sixty (60) foot right-of-way" was to be dedicated for public use across the tract. The 1972 Deed of Restrictions permitted any citizen or resident of Jefferson County, Kentucky, to enforce the restrictions contained therein. On June 13, 1972, the Jefferson County Fiscal Court approved the zoning change and rezoned the Logsdon Tract to R-6 multi-family residential to permit Logsdon to develop the tract.

Subsequently, Logsdon executed another Deed of Restrictions as to the Logsdon Tract on July 25, 1974 (1974 Deed of Restrictions). The 1974 Deed

of Restrictions was executed between Logsdon and Gertrude P. Brown, James C. Stone, Jr., and Pauline G. Boyd. In the 1974 Deed of Restrictions, the population density on the Logsdon Tract was limited to "12 dwelling units, as previously defined by the regulations of the Louisville and Jefferson County Planning Commission, per acre, such density to be computed on the basis of the entire [Logsdon] tract." The 1974 Deed of Restrictions particularly stated that the restrictions were for the benefit of Brown, Stone, Boyd, and their heirs/assigns.

The Logsdon Tract was not developed by Logsdon, and it was eventually divided into eight separate parcels of real property. Although zoned R-6 multi-family residential, seven of the eight parcels contained single-family residences. In 2018, LDG Land Holdings, LLC (LDG) purchased the eighth parcel of the Logsdon Tract. Unlike the other seven parcels, the eighth parcel did not contain any development and was 11.89 acres in size. LDG also owned an adjoining 1.8373 acres parcel of real property.

On July 22, 2019, LDG filed a Category 3 Plan Application with the Planning Commission to develop the two parcels of real property into 164 apartments within seven buildings, known as the Veridian at Prospect. The application did not involve a zoning change. The Planning Commission ultimately approved LDG's application and development plan on October 29, 2020.

Less than a month thereafter, on November 19, 2020, Prospect Land was incorporated in Kentucky as a limited liability company. And, six days after its incorporation (November 25, 2020), Prospect Land, *inter alios*, filed a complaint in the Jefferson Circuit Court against the Planning Commission, Louisville/Jefferson County Metro Government (Metro Government), and LDG.[1] Therein, Prospect Land alleged that it was injured and aggrieved by the final action of the Planning Commission in approving LDG's development plan and sought to appeal same. Prospect Land also sought a declaration of rights regarding whether LDG's plan of development violated the 1972 Deed of Restrictions and the 1974 Deed of Restrictions applicable to the Logsdon Tract.

Prospect Land further claimed that the 1972 rezoning of the Logsdon Tract to R-6 multi-family residential was conditional and reverted to its original zoning (R-4 single-family residential) when the tract was not developed by Logsdon. Prospect Land additionally asserted that the 1972 rezoning of the Logsdon Tract to R-6 multi-family residential was invalid as no ordinance was enacted by the Fiscal Court.

---

[1] In addition to Prospect Land Conservation, LLC, Prospect R&R, LLC, was also a plaintiff below; however, Prospect R&R, LLC, filed a motion to be dismissed as a party in the Court of Appeals and was dismissed by Order entered October 11, 2022. Consequently, we will not refer to Prospect R&R, LLC, as a party herein.

LDG, the Planning Commission, and Metro Government filed answers. Eventually, LDG filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Kentucky Rules of Civil Procedure (CR) 12.02. LDG argued that Prospect Land lacked standing to appeal the Planning Commission's approval of its development plan and lacked standing to enforce the 1972 Deed of Restrictions or the 1974 Deed of Restrictions. LDG also maintained that Prospect Land's challenge to the 1972 zoning change was time-barred by Kentucky Revised Statutes (KRS) 100.347(2).

Subsequently, the Planning Commission and Metro Government filed a motion to dismiss for failure to state a claim upon which relief could be granted under CR 12.02. Therein, they argued that Prospect Land lacked standing to appeal the Planning Commission's approval of LDG's development plan. The Planning Commission and Metro Government also maintained that Prospect Land failed to exhaust its administrative remedies and that its challenge to the 1972 zoning change was time-barred. The Planning Commission and Metro Government also asserted that all necessary parties were not named as defendants. In particular, the Planning Commission and Metro Government pointed out that the 1972 zoning change and the Deeds of Restrictions affected the entire Logsdon Tract; however, the owners of the other seven parcels of the Logsdon Tract were not named as parties.

By order entered June 25, 2021, the circuit court granted the motions to dismiss. The circuit court initially concluded that Prospect Land possessed standing to appeal the Planning Commission's approval of LDG's development plan. The circuit court reasoned that Prospect Land claimed in the complaint to be injured and aggrieved, "which seems to be all the law requires for a plaintiff to plead standing sufficiently." Order at 3. The circuit court also stated that Prospect Land could properly seek to enforce the 1972 Deed of Restrictions. However, the court was of the opinion that the sixty-foot right-of-way restriction was no longer enforceable and that the population density restriction was not violated by LDG's development plan. As for the R-6 multi-family residential zoning, the circuit court held it was not conditional or voided by Logsdon's failure to develop his tract per the development plan. The circuit court also concluded that the fiscal court could properly rezone property by resolution in 1972. This appeal follows.

<u>STANDARD OF REVIEW</u>

To begin, CR 12.02 permits a circuit court to dismiss an action when the complaint fails to set forth a claim upon which relief could be granted. CR 12.02 specifically provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." In this case, it is clear that matters outside the pleadings were

contained in the record, and the circuit court apparently did not exclude same. Thus, we shall treat the June 25, 2021, order as a summary judgment.

The standard of review upon appeal of an order granting summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing CR 56.03). Upon a motion for summary judgment, all facts and inferences in the record are viewed in a light most favorable to the nonmoving party and that "all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). If there are no factual issues, summary judgment looks only to questions of law and we review a trial court's decision to grant summary judgment *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016); *see also Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010). Appellant acknowledges that this appeal only looks to questions of law and our review proceeds accordingly.

ANALYSIS

Prospect Land contends that the circuit court improperly concluded that the 1972 rezoning of the Logsdon Tract from R-4 single-family residential to R-6 multi-family residential was valid and effective. Prospect Land points out that the fiscal court adopted a resolution to effectuate the rezoning and argues that only

-7-

an ordinance could properly rezone real property in 1972 in Jefferson County. Prospect Land also alleges that the resolution was only read one time rather than the legally mandated two readings. Alternatively, if valid, Prospect Land maintains that the 1972 resolution temporarily rezoned the Logsdon Tract to R-6 multi-family residential and that such rezoning was abandoned when the Logsdon Tract was not developed as contemplated by the resolution. As a consequence, Prospect Land submits that the Logsdon Tract's zoning reverted to R-4 single-family residential. Additionally, Prospect Land also argues that the circuit court erred by failing to conclude that the 1972 Deed of Restrictions and the 1974 Deed of Restrictions as to the Logsdon Tract were violated by LDG's development plan. In particular, Prospect Land claims that LDG is compelled to dedicate a sixty-foot right-of-way per the 1972 Deed of Restrictions and that LDG's development plan violated the 1974 Deed of Restrictions that limited density to twelve dwelling units per acre. Prospect Land further alleges that the Planning Commission erroneously approved LDG's development plan in view of the violations of the 1972 Deed of Restrictions, the 1974 Deed of Restrictions, and the proper zoning of the Logsdon Tract as R-4 signal-family residential.

It is well-established that a party seeking to appeal an administrative agency's decision must strictly comply with all relevant statutory provisions, including those contained in KRS 100.347. *Kenton County Bd. of Adjustment v.*

*Meitzen*, 607 S.W.3d 586, 595 (Ky. 2020). The failure to do so deprives the court

of jurisdiction to hear the appeal. *Id.*

In its complaint, Prospect Land sought to appeal the Planning

Commission's approval of LDG's development plan under the statutory appeal

procedure set forth in KRS 100.347, which provides in relevant part:

> (2) Any person or entity claiming to be injured or
> aggrieved by any final action of the planning
> commission shall appeal from the final action to the
> Circuit Court of the county in which the property,
> which is the subject of the commission's action, lies.
> Such appeal shall be taken within thirty (30) days
> after such action. Such action shall not include the
> commission's recommendations made to other
> governmental bodies. All final actions which have
> not been appealed within thirty (30) days shall not be
> subject to judicial review. Provided, however, any
> appeal of a planning commission action granting or
> denying a variance or conditional use permit
> authorized by KRS 100.203(5) shall be taken pursuant
> to this subsection. In such case, the thirty (30) day
> period for taking an appeal begins to run at the time
> the legislative body grants or denies the map
> amendment for the same development. The planning
> commission shall be a party in any such appeal filed
> in the Circuit Court.

Under KRS 100.347(2), a person "claiming to be injured or aggrieved

by any final action of the planning commission" may pursue an appeal if filed

within thirty days of such final action. To be considered injured or aggrieved

within the meaning of KRS 100.347(2), the Kentucky Supreme Court has held that

a party must provide factual allegations in the complaint stating how he or she was particularly injured, aggrieved, or harmed by the decision:

> Taking the plain meanings of these words in the context of KRS 100.347(1), we conclude that a party pursuing an appeal from a board of adjustment must claim some type of hurt or damage, or some form of suffering or infringement that the party will experience as a result of the board's decision.
>
> The only reasonable method by which a person or entity can "claim" to be injured or aggrieved by a final decision of a board of adjustment when initiating an appeal in circuit court is through their complaint. But Meitzen and Nageleisen failed to provide any factual allegations to support a claim that they themselves were injured or aggrieved in some way by the Board's action. In fact, the words "injured" or "aggrieved" (or even synonyms of those words) do not appear anywhere in their complaint. While these particular words are not necessarily required, a complaint pursuant to KRS 100.347(1) must reflect how the plaintiff fits into the statutory language authorizing an appeal. Meitzen and Nageleisen explain how they believe the Board erred legally but they fail to state how the alleged errors affect them or cause injury to them. In fact, the complaint reads solely as a critique of the Board's decision to grant the conditional use permit, not as a claim on behalf of parties who are themselves injured or aggrieved.
>
> The language in KRS 100.347(1) is clear and unequivocal – a party must *claim* to be "*injured or aggrieved*" by a board's final action. The legislative intent is apparent from the words used in the statute. While the General Assembly could have allowed any person residing in the county, for example, to initiate an appeal from a board of adjustment decision, the legislature deliberately limited appeals to those instances

-10-

where a person or entity could claim to be actually
injured or aggrieved by the board's action. . . .

*Kenton Co. Bd. of Adjustment*, 607 S.W.3d at 592-93.[2]

In its complaint, Prospect Land claims to be injured or aggrieved per

KRS 100.347(2). However, like the complaint in *Kenton County Board of*

*Adjustments*, 607 S.W.3d at 586, Prospect Land's complaint alleges multiple

grounds as error but fails to set forth any facts as to the harm, damage, or injury it

will suffer as a result of the Planning Commission's approval of LDG's

development plan. It must be emphasized that Prospect Land was incorporated as

an LLC approximately a month <u>after</u> the Planning Commission's approval of

LDG's development plan. Upon examination of Prospect Land's complaint, we

conclude that it failed to satisfy the injured or aggrieved requirement of KRS

100.347(2). As a result, we hold that the circuit court did not possess jurisdiction

to review the Planning Commission's approval of LDG's development plan.

In its complaint, Prospect Land also sought a declaration of rights as

to the validity of the 1972 rezoning of the Logsdon Tract to R-6 multi-family

residential and the enforcement of both the 1972 Deed of Restrictions, and the

---

[2] Although *Kenton County Board of Adjustment v. Meitzen*, 607 S.W.3d 586, 595 (Ky. 2020)
involved Kentucky Revised Statutes (KRS) 100.347(1), the Supreme Court recognized in
Footnote 10 that "KRS 100.347(1), (2), and (3) each contain similar requirements for appeals,
they simply govern appeals from different entities. . . . Each subsection provides that '[a]ny
person or entity claiming to be injured or aggrieved by any final action . . .' may appeal to a
circuit court." For this reason, its holding is also applicable to subsection (2) of KRS 100.347.

-11-

1974 Deed of Restrictions. Prospect Land filed the complaint in November 2020, and the Logsdon Tract was rezoned from R-4 single-family residential to R-6 multi-family residential in June 1972. Prospect Land seeks to challenge the rezoning of the Logsdon Tract some 48 years after the fact. Based upon our review of the applicable law in effect in 1972 regarding the amendment of a zoning regulation, we agree with the circuit court that the fiscal court properly rezoned by resolution the Logsdon Tract to R-6 multi-family residential in 1972 and that such rezoning was not conditional upon Logsdon actually developing the tract.

As to the 1972 Deed of Restrictions, Prospect Land claims that it requires a sixty-foot right-of-way be dedicated by LDG. The 1972 Deed of Restrictions was applicable to the Logsdon Tract as a whole and did not specifically set forth the location of the sixty-foot right-of-way. The Logsdon Tract has been divided into eight separate parcels. As the precise location of the sixty-foot right-of-way provided for in the 1972 Deed of Restrictions was not particularly set forth therein, it is conceivable that the sixty-foot right-of-way may encroach upon some or all of the remaining seven parcels of the Logsdon Tract. However, the owners of the seven parcels were not made parties below or in this appeal. We view this oversight as fatal. The seven owners of the remaining parcels of the Logsdon Tract are necessary and indispensable as their real property could be affected by a decision on the merits. *Browning v. Preece*, 392 S.W.3d

388, 391-92 (Ky. 2013). And, the failure to name an indispensable party is also a jurisdictional defect. *Id.* at 392. Consequently, we decline to address any issues related to sixty-foot right-of-way as set forth in the 1972 Deed of Restrictions.

As to the 1974 Deed of Restrictions, it plainly provides, in relevant part:

> The foregoing covenants and restrictions shall run with the lands and shall be binding upon and inure to the benefit of the parties hereto, their respective heirs and assigns, the lands of the Parties of the Second Part being with respect to said Gertrude P. Brown, . . . James C. Stone, . . . and Pauline G. Boyd[.]

The 1974 Deed of Restrictions unambiguously stated that its covenants and restrictions inured to the benefit of the parties thereto and their heirs/assigns. Thus, it was clearly the parties' intent that only the grantees and their heirs/assigns benefit from the 1974 Deed of Restrictions. *See KL & JL Invs., Inc. v Lynch*, 472 S.W.3d 540, 547 (Ky. App. 2015). Generally, only these parties that a deed of restrictions were intended to benefit have standing to seek enforcement thereof. 20 Am. Jur. 2d *Covenants, Etc.* § 239 (2022). Prospect Land was not an heir or assign of the grantees in the 1974 Deed of Restrictions. In fact, Prospect Land owns none of the eight parcels that was once the Logsdon Tract. For this reason, we agree with the circuit court that Prospect Land lacks standing to enforce the 1974 Deed of Restrictions.

We view any remaining contention of error as moot or without merit.

-13-

In conclusion, the circuit court properly rendered summary judgment dismissing Prospect Land's complaint.

For the foregoing reasons, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

J. Bissell Roberts
Louisville, Kentucky

REPLY BRIEF FOR APPELLANT:

Clark C. Johnson
William R. (Rick) Adams
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLANT:

William R. (Rick) Adams
Louisville, Kentucky

BRIEF FOR APPELLEE
LOUISVILLE/JEFFERSON
COUNTY METRO PLANNING
COMMISSION AND
LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT:

Anne P. Scholtz
Travis J. Fiechter
Laura M. Ferguson
Louisville, Kentucky

BRIEF FOR APPELLEE LDG LAND
HOLDINGS, LLC:

Clifford H. Ashburner
J. Tanner Watkins
Philip E. Cecil
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLEE
LOUISVILLE/JEFFERSON
COUNTY METRO PLANNING
COMMISSION AND
LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT:

Anne P. Scholtz
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLEE LDG LAND
HOLDINGS, LLC:

J. Tanner Watkins
Louisville, Kentucky